UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY GIISHIG,<br><br>    Plaintiff,<br><br>v.<br><br>DEBRA JAMES, VELMA J. KORBEL, CAL LUDEMAN, TIMOTHY PAWLENTY, KATHLEEN SIBELIUS, ERMA VIZENOR, MATTHEW FRANK, BARBARA BERG-WINDELS, DENNIS BENSON, GREG CARLSON, LAUREN SEVERSON, DR. ANN LA VALLEY-WOOD, BRIAN NINNEMAN, JIM LIND, STEVE SAYAVITZ, STEVE SAJEK, SARA KULAS, NANCY JOHNSON, CAROLYN PIERRE, JULIE ROSE, ROB ROSE, DAVID PRESCOTT, MARNIE DOLLINGER, JAMIE JUNGERS, RANDY VALENTINE, DAVID TAPLAN, CHAD WAKOJESIC, LAURAL SKOAGLUND, and SHERBURNE COUNTY SOCIAL SERVICE DIRECTOR,<br><br>    Defendants. | Civil No. 09-2489 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has

filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief may be granted, a plaintiff must allege a set of specific historical facts which, if proven true, would entitle him to some legal redress against the named defendant(s), based on some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."); Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981) ("a well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts"); Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) ("'the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal'") (quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir.2002)); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (Federal Courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

In this case, Plaintiff has failed to plead an actionable claim for relief, because he has not alleged any facts. Plaintiff's 31-page complaint is plainly defective, because it does not adequately describe specific incidents, or specific acts or omissions by the named Defendants. The complaint does not describe specific historical events, or specific

situations when the named Defendants actually did something, (or failed to do something), that allegedly violated Plaintiff's legal rights.

The so-called "Statement of Facts" section of Plaintiff's complaint is a just a collection of general accusatory statements – e.g., "defendant's are working in direct concert to obstruct the approved release plan," "Defendant's actions amount to intentional infliction of emotional distress," "defendants have civilly conspired against [Plaintiff] to breach his treatment contract, retaliate, and constructively discharge him from employment that violated his right to equal protection by treating him differently than similarly situated individuals," and Plaintiff "has been denied access to the benefits and services provided by the defendants' federally-funded programs for the mentally disabled." (Complaint, [Docket No. 1], pp. 7-8, ¶s 19, 21, 26 and 28.) These are not allegations of facts; they are textbook examples of conclusory allegations. Furthermore, the allegations quoted here were not carefully selected to give a misleading depiction of Plaintiff's pleading; they accurately exemplify all of Plaintiff's allegations. Plaintiff's entire 31-page complaint consists of conclusory allegations similar to those quoted above.

Because Plaintiff's complaint sets forth only conclusory allegations, which are not supported by any allegations of specific historical facts, Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 15, 2009

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 30, 2009.